UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| LEONARD B. CASTEEL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:17-cv-00056 |
| | ) | CHIEF JUDGE CRENSHAW |
| MARSHALL COUNTY JAIL, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Leonard B. Casteel, proceeding *pro se*, is an inmate at the Marshall County Jail in Lewisburg, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Marshall County Jail, seeking damages.

According to the Complaint, while on his way to a shower, the Plaintiff tripped and fell down some stairs. He injured his head, left shoulder, left hip and lower back. An ambulance took the Plaintiff to a local hospital for examination and treatment. (Doc. No. 1 at 5.) The Plaintiff alleges that he was injured as a result of negligence. (Id. at 7.) The Plaintiff further alleges continued injuries, including numbness in his legs and loss of bladder control (Id.)

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The sole defendant named in this action is the Marshall County Jail. A county jail is not a person that can be sued under 42 U.S.C. § 1983. Grimmett v. Wilson County Jail, 2015 WL 787228 (M.D. Tenn.); Staggs v. Lewis County Jail, 2009 WL 3877682 (M.D. Tenn.).

1

Of course, giving this *pro se* pleading a liberal construction, the Court could construe the Complaint as an attempt to state a claim against Marshall County, the entity responsible for the operation of the Jail. However, for Marshall County to be liable, the Plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the Complaint.

In any event, the Plaintiff is alleging that he was injured as a result of someone's negligence. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 429 U.S. 97, 106 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 475 U.S. 312, 319 (1986) (Eighth Amendment) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause"); Daniels v. Williams, 474 U.S. 327, 333 (1986) (Fourteenth Amendment). To the extent Plaintiff's continued numbness of legs and loss of bladder control are a result of his fall, he is unable to prove a negligence claim. However, if Plaintiff is being denied medical assistance for his continuing injuries, he may have an actionable Eighth Amendment claim. The Plaintiff has failed to allege an actionable § 1983 claim against the Marshall County Jail. Under such circumstances, the Court is obliged to dismiss the Complaint without prejudice *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE